UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAMEEL IBRAHIM,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

        Defendants.

Civ. No. 18-10023 (KM) (MAH)

**MEMORANDUM OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    The plaintiff, Mr. Ibrahim, served our country in the U.S. Navy from 1980–82. In 2012, he submitted a service-related claim to the United States Department of Veterans' Affairs (the "VA") based on a laceration and smashed phalanx.[1] The VA found that 0% of the injury was service-related and denied benefits.

    On June 1, 2018, Mr. Ibrahim filed this action against the VA and several of its employees. He seeks the benefits that were denied, alleges that he was denied due process, and asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and the Administrative Procedure Act ("APA"), 5 U.S.C § 500 *et seq.* This matter comes before the court upon the motion of the plaintiff for a default judgment (DE 21) and the motion of the defendants to dismiss the complaint for lack of subject-matter jurisdiction (DE 16).

### A. Plaintiff's Motion for Default Judgment

    The plaintiff's motion for entry of a default judgment must be denied. To begin with, there has been no clerk's entry of default, which is a prerequisite

---

[1] Phalanx is the anatomical term for a finger bone (pl. phalanges). In his complaint, the plaintiff also refers to "primary anemic, chronic arthritic[,] depression, hearing loss and eye damage."

1

for such a motion. *See* Fed. R. Civ. P. 55(a). Given the plaintiff's *pro se* status, however, I look past that defect and consider whether there has been a default.

The complaint was served on the United States Attorney's Office on October 25, 2018. (DE 20 p.2; acknowledgement of service by receptionist).[2] Because the action is one filed against the United States, the deadline to answer was "60 days after service . . . on the United States Attorney . . . ." Fed. R. Civ. P. 12(a)(2). The defense of lack of jurisdiction may be asserted in an answer, but at the defendant's option it may instead be asserted by a motion "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, the United States has exercised the option to proceed by motion. On December 19, 2018, within the 60-day deadline to answer, the defendants filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The United States has not defaulted, but has timely responded to the complaint *via* a Rule 12(b) motion. Neither entry of default nor a default judgment is warranted. *See* Fed. R. Civ. P. 55. The plaintiff's motion for a default judgment is therefore denied.

### B. Defendants' Motion to Dismiss for Lack of Jurisdiction

I next consider the motion of the United States and the other defendants to dismiss the complaint for lack of jurisdiction. (DE 16) The jurisdiction of this Court must be assessed against the background of the principle that the United States can be sued only to the extent it has waived its sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 484, 114 S. Ct. 996 (1994).

---

[2] There is also a proof of service by mail on the U.S. Department of Justice, showing a mailing date of October 12, 2018 and a service date of October 18, 2018. (DE 15 at p. 1. The six-day gap may reflect the application of Fed. R. Civ. P. 6(a)(1) & 6(d).). Service on the U.S. Attorney on October 25, 2018, however, was required, *see* Fed. R. Civ. P. 4(i), and is the triggering event for the 60-day deadline, *see* Fed. R. Civ. P. 12(a)(2), so I use that date. Even if October 18 were the relevant date, however, I would excuse the brief delay. (December 19 is the 62d day after October 18.) *See* Fed. R. Civ. P. 6(b), 4(i)(4).

The United States persuasively argues that, by statutory decree, this Court lacks jurisdiction over claims relating to VA benefits. That is not to say that there is no remedy for a veteran who is denied benefits. It is just to say that Mr. Ibrahim is in the wrong court.

As the government points out, Mr. Ibrahim's claim for benefits based on his injuries is governed by a specialized statutory scheme under the Veterans' Judicial Review Act ("VJRA"). Under the VJRA, the VA's decisions as to questions of law and fact in relation to benefits determinations are final and unreviewable. 38 U.S.C § 511;[3] *Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. 2006). An adverse benefits decision, like the one here, is not reviewable "by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). The courts have therefore dismissed attempts to obtain district court review, whether by means of a claim under the Federal Tort Claims Act, the APA, or otherwise. *See Dambach, supra* (VJRA bars FTCA claim that, through negligence, a veteran's claims were wrongfully denied for many years until finally granted); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (VJRA bars claim under APA that delays in processing claims were unreasonable); *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570 (D.C. Cir. 2016) (VJRA bars challenge under APA to VA policy of denying presumption of Agent Orange exposure to blue-water Navy veterans).

Mr. Ibrahim is not without recourse, however. A veteran denied benefits may obtain review *via* a three-part, statutorily-defined review process, which I

---

[3] The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) provides for certain exceptions not relevant here.

will refer to as the "VJRA Appeal Procedure." First, the veteran must file a notice of disagreement with the Board of Veterans Appeals. *See* 38 U.S.C. § 7104(a). Second, as to appeals from decisions of the Board, the Court of Appeals for Veterans Claims has exclusive jurisdiction. *See* 38 U.S.C. §§ 7252(a), 7266(a). Third, any appeal from that court may be heard by the U.S. Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7292(a). *See generally Jayme v. United States*, Civ. No. 10-3248, 2011 WL 4412431, at *2 (D.N.J. Sept. 21, 2011) (overview of procedure). That VJRA Appeal Procedure is the sole and exclusive means of review of an adverse benefits determination.

So far, the plaintiff does not really disagree. He seems to draw a distinction, however, between his claim for benefits, which should be heard *via* the VJRA Appeal Procedure, and his claim that he was deprived of due process, which he says should be heard in this Court. (*See* Pl. Responding Brf. 3, DE 18. ("I am objecting to the defense dismissal of this case, and I can be partial to a part of this matter to be referred to the United States Court of Appeal for Veteran Claims and move forward on the Deprivation of Rights by employees and agents of the Department of Veteran Affairs."))

I therefore consider whether the plaintiff's claim of denial of due process sets forth a distinct claim that is not within the scope of the VJRA's bar to this court's jurisdiction. As to that issue, I am aided by the analysis of *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (en banc). *Veterans for Common Sense* emphasizes that the scope of the VJRA's exclusion is very broad indeed, applying not only to benefits decisions, but to all decisions that may affect them:

> Synthesizing these cases, we conclude that § 511 precludes jurisdiction over a claim if it requires the district court to review "VA decisions that relate to benefits decisions," *Beamon*, 125 F.3d at 971, including "any decision made by the Secretary in the course of making benefits determinations," *Broudy*, 460 F.3d at 115. This standard is consistent with Congress's intention to "broaden the scope" of the judicial preclusion provision, H.R.Rep. No. 100-963, at 27, 1988 U.S.C.C.A.N. at 5809, and is reflected in § 511(a)'s plain statement that we may not review a "decision by

4

the Secretary under a law that affects the provision of [veterans'] benefits," 38 U.S.C. § 511(a). This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases. *See Price,* 228 F.3d at 422; *Thomas,* 394 F.3d at 974; *Broudy,* 460 F.3d at 114–15; *accord Beamon,* 125 F.3d at 971. If that test is met, then the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit.

*Veterans for Common Sense,* 678 F.3d at 1025–26.

In *Veterans for Common Sense,* the plaintiff organization asserted, *inter alia,* that the VA's procedures for processing mental health and disability benefits claims were inadequate and slow. It asserted violations of the APA and constitutional claims of deprivation of due process. These claims, said the plaintiff organization, were generalized and did not challenge the outcome of any particular benefits decision. Nevertheless, the Ninth Circuit held that the VJRA's statutory bar to jurisdiction, 38 U.S.C. § 511(a), applied.

The plaintiff's claims, said the Court, however they were couched, nevertheless sought relief that would impact on individual benefits decisions and require the court to review them. 678 F.3d at 1027–28. Nor was it significant that the claims were postured as constitutional claims of denial of due process by the VA or its personnel:

> [T]he fact that VCS drapes its claims in constitutional terms is not itself sufficient to confer jurisdiction on us. Numerous courts have recognized that § 511 broadly divests district courts of jurisdiction over constitutional claims related to benefits even where those claims concern agency procedures and do not challenge specific VA benefits determinations.

*Id.* at 1031 (citing cases).[4] *See also Dambach,* 211 F. App'x at 106–110 (Under VJRA, no district court jurisdiction over claim that VA, through negligence, had

---

4     *Veterans for Common Sense* also rejected the notion that § 511 would deprive the plaintiffs of a forum for constitutional claims:

5

denied the plaintiff due process of law). District courts lack jurisdiction over such claims, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding." 678 F.3d at 1024 (citations omitted). *See also Jayme*, 2011 WL 4412431, at *3 ("[A] plaintiff cannot simply characterize his challenge to a benefits determination as a constitutional claim in order to overcome the jurisdictional bar of 38 U.S.C. § 511."); *Hamilton v. Prudential Ins. Co. of Am.*, 18 F. Supp. 3d 571, 577 (D.N.J. 2014) ("[C]ourts have recognized that a challenge to an individual VA benefits proceeding is beyond the jurisdiction of the federal courts, even when the challenge is constitutional in nature." (citations omitted)).

It follows from these well-established principles that this Court lacks jurisdiction over Mr. Ibrahim's claim, including those aspects that claim he was deprived of due process. He may pursue his claims, however, through the VJRA Appeal Procedure—first in the Board of Veterans Appeals, next in the Court of Appeals for Veterans Claims, and ultimately, if appropriate, in the U.S. Court of Appeals for the Federal Circuit.

---

> When Congress created the Veterans Court, it expressly empowered that court to "decide all relevant questions of law, interpret *constitutional*, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." 38 U.S.C. § 7261(a)(1) (emphasis added). That same statute leaves no doubt that the Veterans Court has the authority to adjudicate veterans' constitutional claims that benefits have been "unlawfully withheld or unreasonably delayed." *Id.* § 7261(a)(2).

678 F.3d at 1031–32 (emphasis in original; case citations omitted). And ultimately, of course, an appeal would lie to an Article III Court, the U.S. Court of Appeals for the Federal Circuit. *Id.* at 1032.

6

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for a default judgment (DE 21) is DENIED, and the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction (DE 16) is GRANTED.

*/s/ Kevin McNulty*

**KEVIN MCNULTY**
**United States District Judge**